■ Cosimo Defina et al., Appellants, v Brooklyn Union Gas Company, Respondent, et al., Defendants. [630 NYS2d 533] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Jackson, J.), entered February 24, 1994, which denied their motion, inter alia, to compel further examination of witnesses on behalf of the defendant Brooklyn Union Gas Company.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contention, the Supreme Court did not improvidently exercise its discretion by refusing to direct Brooklyn Union Gas Company to produce additional witnesses for pretrial depositions. A corporation has the right to determine which of its officers with knowledge of the facts may appear for pretrial examination (see, *Colicchio v City of New York*, 181 AD2d 528; *D'Ulisse v Town of Oyster Bay*, 81 AD2d 825; *Consolidated Petroleum Term. v Incorporated Vil. of Port Jefferson*, 75 AD2d 611). A party seeking to depose additional witnesses must make a detailed showing of the necessity for taking further depositions (see, *Colicchio v City of New York, supra*).

The plaintiffs have failed to demonstrate that the two witnesses previously produced by the Brooklyn Union Gas Company, who made service calls to the plaintiffs' residence immediately after it was destroyed by an explosion, lacked sufficient knowledge of the facts to produce "material and necessary" evidence (see, CPLR 3101 [a]; *Colicchio v City of New York, supra; D'Ulisse v Town of Oyster Bay, supra*). Moreover, the plaintiffs have failed to demonstrate that the deposition of additional witnesses would result in the disclosure of relevant evidence, or would lead to the discovery of information bearing on their claims (see, *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403). In this regard, we note that the plaintiffs seek additional depositions to explore the circumstances surrounding roadwork performed in connection with the installation of new gas lines in October 1977, more than 10 years prior to the explosion which is the subject matter of this suit. Bracken, J. P., Joy, Friedmann and Krausman, JJ., concur.