■ LINDA BARONE et al., Appellants, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Respondent. [687 NYS2d 718] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Putnam County (Hickman, J.), dated March 26, 1998, which granted the defendant's motion for leave to reargue the plaintiffs' motion to compel the depositions of certain employees of the defendant, which motion was granted by a prior order of the same court, dated November 1997, and, upon reargument, denied the plaintiffs' motion.

Ordered that the order is affirmed, with costs.

It is well established that a corporation has the right in the

first instance to determine which of its representatives will appear for an examination before trial (*see, Mercado v Alexander,* 227 AD2d 391; *Defina v Brooklyn Union Gas Co.,* 217 AD2d 681, 682; *Tower v Chemical Bank,* 140 AD2d 514, 515). Here, the defendant produced two knowledgeable witnesses who testified with respect to the underlying incident. The plaintiff failed to show that those witnesses had insufficient knowledge or were otherwise inadequate, and that the proposed witnesses possessed information which was material and necessary to the prosecution of the case (*see, Saxe v City of New York,* 250 AD2d 751; *Carter v New York City Bd. of Educ.,* 225 AD2d 512; *Defina v Brooklyn Union Gas Co., supra*). Accordingly, the court, upon reargument, properly denied the plaintiffs' motion to compel further depositions. O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.