■ Marianne Sladowski-Casolaro, Appellant, v World Championship Wrestling, Inc., Now Known as Universal Wrestling Corp., et al., Respondents. [850 NYS2d 176]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Brandveen, J.), dated April 25, 2007, which denied her motion, inter alia, to strike the defendants' answers pursuant to CPLR 3126 for failure to provide disclosure, and (2) an order of the same court dated July 19, 2007, which denied her motion, inter alia, to compel the defendant Nassau Veterans Memorial Coliseum to produce another employee for a deposition and granted the defendants' cross motion for a protective order.

Ordered that the orders are affirmed, with one bill of costs.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the trial court (*see Kihl v Pfeffer,* 94 NY2d 118, 122-123 [1999]; *Joseph v Iannace,* 6 AD3d 502, 503 [2004]; *Ordonez v Guerra,* 295 AD2d 325, 326 [2002]). Here, the court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was to strike the defendants' answers as the plaintiff failed to demonstrate that any purported failure on the part of the defendants to comply with a disclosure order was willful, deliberate, and contumacious conduct or its equivalent (*see Emanuel v Broadway Mall Props.,* 293 AD2d 708, 709 [2002]; *Poulas v U-Haul Intl.,* 288 AD2d 202 [2001]). The record demonstrates that the defendants had complied with all, or nearly all, of the plaintiff's demands.

Moreover, the court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was to compel the defendant Nassau Veterans Memorial Coliseum (hereinafter the Coliseum) to produce an additional witness for a deposition. A corporate entity has the right to designate, in the first instance, the employee who shall be examined (*see Barone v Great Atl. & Pac. Tea Co.,* 260 AD2d 417 [1999]; *Mercado v Alexander,* 227 AD2d 391 [1996]; *Defina v Brooklyn Union Gas Co.,* 217 AD2d 681, 682 [1995]; *Tower v Chemical Bank,* 140 AD2d 514 [1988]). The plaintiff failed to sustain her

burden of demonstrating that the Coliseum representative who had already been deposed had insufficient knowledge, or was otherwise inadequate, and that there was a substantial likelihood that the persons sought by the plaintiff for additional depositions possessed information which was material and necessary to the prosecution of the case (see *Barone v Great Atl. & Pac. Tea Co.*, 260 AD2d 417 [1999]; *Saxe v City of New York*, 250 AD2d 751 [1998]; *Carter v New York City Bd. of Educ.*, 225 AD2d 512 [1996]; *Zollner v City of New York*, 204 AD2d 626 [1994]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Santucci, Dillon and Angiolillo, JJ., concur.