■ SEATTLE PACIFIC INDUSTRIES, INC., Respondent, v GOLDEN VALLEY REALTY ASSOCIATES et al., Appellants. [864 NYS2d 500]—

In an action to recover the proceeds of certain loans, with interest, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), dated August 14, 2006, as denied their cross motion to compel discovery, (2), as limited by their brief, from so much of an order of the same court dated December 22, 2006, as denied their motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue, and (3) from an order of the same court dated June 8, 2007, which granted the plaintiff's motion for summary judgment on the issue of liability and denied their cross motion for partial summary judgment.

Ordered that the appeal from the order dated December 22, 2006 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 14, 2006 is reversed insofar as appealed from, on the law and as a matter of discretion, and the defendants' cross motion to compel discovery is granted; and it is further,

Ordered that the order dated June 8, 2007 is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the issue of liability, and substituting therefor a provision denying the motion; as so modified, the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court erred in granting the plaintiff's motion for summary judgment on the issue of liability on the basis of its factual finding "that the parties intended that the [subject] loans be repaid at the first opportunity," where "the triggering event was the sale of the remaining parcel of the New Jersey property." Instead, since the advances at issue were made without any specified time of repayment, they were payable on demand (see UCC 3-108; *Lynford v Williams*, 34 AD3d 761, 762 [2006]; *Cognetta v Valencia Devs., Inc.*, 8 AD3d 318, 319 [2004]; *Farhadi, Inc. v Anavian*, 58 AD2d 546 [1977]). Accordingly, pur-

suant to CPLR 213 (2), the plaintiff had six years within which to commence an action to recover on each of its and its predecessor-in-interest's dateless advances to the defendant Golden Valley Realty Associates (hereinafter Golden Valley), which accrued on the dates of their respective executions (*see Lynford v Williams*, 34 AD3d 761, 762 [2006]).

Although the claims regarding four of the advances, totaling $37,877.70, were not time-barred, since they were made within six years of the commencement of the action, issues of fact exist as to the extent of the defendants' liability for those advances. Additionally, while General Obligations Law § 17-101 effectively revives a time-barred claim when the debtor has signed a writing validly acknowledging the debt (*see Erdheim v Gelfman*, 303 AD2d 714, 715 [2003]), "[w]hether a purported acknowledgment is sufficient to restart the running of a period of limitations depends on the circumstances of the individual case" (*Cognetta v Valencia Devs., Inc.*, 8 AD3d 318, 319-320 [2004]; *see Fade v Pugliani/Fade*, 8 AD3d 612, 613 [2004]). Here, the 1998 Golden Valley tax return and the 1999 Golden Valley financial statement were insufficient, since it cannot be determined from the record whether they "constituted an acknowledgment of the debt sufficient to revive or toll the statute of limitations" (*Cognetta v Valencia Devs., Inc.*, 8 AD3d 318, 320 [2004]; *see Estate of Vengroski v Garden Inn*, 114 AD2d 927, 928-929 [1985]). Therefore, there is an issue of fact as to whether the action, in part, is time-barred.

Moreover, the Supreme Court improvidently exercised its discretion in denying those branches of the defendants' cross motion which were to compel the plaintiff to produce additional witnesses for depositions and to compel the plaintiff to produce certain documentary evidence.

"A corporate entity has the right to designate, in the first instance, the employee who shall be examined" (*Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d 803, 803 [2008]; *see Barone v Great Atl. & Pac. Tea Co.*, 260 AD2d 417 [1999]; *Mercado v Alexander*, 227 AD2d 391 [1996]; *Defina v Brooklyn Union Gas Co.*, 217 AD2d 681, 682 [1995]; *Tower v Chemical Bank*, 140 AD2d 514, 515 [1988]). In order to show that an additional deposition is warranted, the movant must demonstrate that (1) the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case (*see Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d 803, 804 [2008]; *Barone*

*v Great Atl. & Pac. Tea Co.*, 260 AD2d 417, 418 [1999]; *Saxe v City of New York*, 250 AD2d 751 [1998]; *Carter v New York City Bd. of Educ.*, 225 AD2d 512 [1996]; *Zollner v City of New York*, 204 AD2d 626, 627 [1994]). The burden is upon the examining party to make the requisite showing that the representative of the corporation already deposed did not possess sufficient knowledge of the relevant facts or was otherwise inadequate (*see Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d 803 [2008]). Since the defendants here met their burden in this regard, the court should have granted that branch of their cross motion which was to compel depositions of the principal owners of the plaintiff.

Pursuant to CPLR 3120 (2), a party seeking discovery from another party, inter alia, "shall set forth the items to be inspected, copied, tested or photographed by individual item or by category, and shall describe each item and category with reasonable particularity." Here, the defendants' use of the word "all" in their deposition notice to describe the documents they sought from the plaintiff has generally been found to be an improper request because of its lack of specificity (*see Benzenberg v Telecom Plus of Upstate N.Y.*, 119 AD2d 717 [1986]). However, the plaintiff did not object to the request (*see Fausto v City of New York*, 17 AD3d 520, 522 [2005]), and various documents were produced at the deposition of the plaintiff's representative. Moreover, finding that a discovery request is lacking in specificity merely because it starts with the word "any" results in an exaltation of form over substance and results in "frustrat[ing] the liberal discovery provisions which CPLR article 31 was designed to accomplish" (*Mestman v Ariens Co.*, 135 AD2d 516, 517 [1987] [internal quotation marks omitted]). Such an apparent lack of specificity should be overlooked "where the notice is directed at limited and specific subject matter" (*Breslauer v Dan*, 150 AD2d 324, 325 [1989]). Here, the documents which the defendants seek are relevant to the case and were clearly identified in their cross motion. Under the circumstances, the Supreme Court erred in denying that branch of the defendants' motion which was to compel this disclosure (*cf. Breslauer v Dan*, 150 AD2d 324, 325 [1989]). Rivera, J.P., Covello, Angiolillo and McCarthy, JJ., concur.