■ JOHN NOVELLO et al., Respondents, v 215 ROCKAWAY, LLC, Appellant. [894 NYS2d 524]—

In an action for a judgment declaring that the plaintiffs validly exercised an option to purchase certain premises, and for specific performance of that option, the defendant appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered August 15, 2008, which granted the plaintiffs' motion for summary judgment on the complaint, and denied its cross motion, in effect, to cancel a notice of pendency recorded against the premises and to vacate a preliminary injunction dated February 5, 2008.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment on the cause of action for specific performance, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs exercised their option to purchase the subject premises within the time set forth in the lease (*see Kaplan v Lippman,* 75 NY2d 320, 324-325 [1990]; *Rodriguez v Baker,* 182 AD2d 751 [1992]; *Pitkin Seafood v Pitrock Realty Corp.,* 146 AD2d 618 [1989]). Furthermore, the formula for determining the purchase price, which included figures from the Consumer Price Index as determined by the Bureau of Labor Statistics of the United States Department of Labor, was sufficiently definite to be enforceable (*see Tonkery v Martina,* 78 NY2d 893 [1991]; *Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475, 482-483 [1989], *cert denied* 498 US 816 [1990]; *Interoil LNG Holdings, Inc. v Merrill Lynch PNG LNG Corp.,* 60 AD3d 403, 404 [2009]). However, since the plaintiffs failed to establish

a prima facie case as to whether they were ready, willing, and able to close at the purchase price, the Supreme Court should have denied that branch of their motion which was for summary judgment on the cause of action for specific performance (*see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998 [1983]; *Stojowski v D'Sa*, 28 AD3d 645 [2006]; *Suburban Hous. Dev. & Research v Island Props. & Equities*, 6 AD3d 423 [2004]; *3M Holding Corp. v Wagner*, 166 AD2d 580 [1990]).

· The Supreme Court properly denied the defendant's cross motion, in effect, to cancel the notice of pendency (*see* CPLR 6514, 6515) and to vacate a preliminary injunction dated February 5, 2008 (*see* CPLR 6314). Skelos, J.P., Eng, Austin and Roman, JJ., concur.