■ Porforio Nunez, Plaintiff, v Chase Manhattan Bank et al., Defendants/Third-Party Plaintiffs/Second Third-Party Plaintiffs-Respondents. United Building Maintenance Corp., Third-Party Defendant/Fourth-Party Plaintiff; ThyssenKrupp Elevator Company, Inc., Second Third-Party Defendant/Fourth-Party Defendant-Appellant. (And Other Titles.) [896 NYS2d 472]—

In an action to recover damages for personal injuries, the

second third-party defendant/fourth-party defendant, ThyssenKrupp Elevator Company, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated June 9, 2009, as granted the motion of the defendants/third-party plaintiffs/second third-party plaintiffs, Chase Manhattan Bank and J.P. Morgan Chase & Co., to modify or clarify a prior order compelling depositions to the extent of directing that only those parties who had not been deposed were required to appear for depositions.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants/third-party plaintiffs/second third-party plaintiffs, Chase Manhattan Bank and J.P. Morgan Chase & Co., to modify or clarify the prior order compelling depositions is denied in its entirety.

In an order dated March 5, 2009, the Supreme Court directed that all parties appear for depositions. The defendants/third-party plaintiffs/second third-party plaintiffs, Chase Manhattan Bank and J.P. Morgan Chase & Co., had already produced a witness for a deposition. Thus, they moved to modify or clarify that order. The Supreme Court granted the motion to the extent of directing that only those parties who had not been deposed were required to appear for depositions.

"A corporate entity has the right to designate, in the first instance, the employee who shall be examined" (*Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d 803, 803 [2008]; *see Barone v Great Atl. & Pac. Tea Co.*, 260 AD2d 417, 417-418 [1999]). In order to show that an additional deposition is warranted, the movant must demonstrate that (1) the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case (*see Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d at 803; *Barone v Great Atl. & Pac. Tea Co.*, 260 AD2d at 418).

The plaintiff in this case seeks to recover damages for personal injuries sustained in a fall down an elevator shaft in 2003. The witness produced by the defendants/third-party plaintiffs/second third-party plaintiffs testified at his deposition that he became responsible for the subject premises in 2006, three years after the accident, that he himself had absolutely nothing to do with the subject premises in 2003, and that he knew nothing about the accident. He also indicated that he had not reviewed any records concerning the accident, and that he had not spoken to anyone about the accident. Moreover, he did

not know anyone who was connected with the subject premises at the time of the accident. In addition, he was unaware of which company was responsible for the maintenance of the elevators in 2003. Further, he had no knowledge concerning whether there had been any complaints involving the elevators before the accident, or whether they had ever been repaired or serviced before the accident.

Under these circumstances, the defendants/third-party plaintiffs/second third-party plaintiffs should have been required to produce a more knowledgeable witness, and their motion should have been denied in its entirety. Rivera, J.P., Florio, Miller and Chambers, JJ., concur.