■ RUTH THRISTINO, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [910 NYS2d 664]—

In an action to recover damages for wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated May 19, 2009, which denied her motion to strike the defendants' answer for failing to provide certain disclosure, or to compel the defendants to produce a specified additional witness for a deposition, and (2) an order of the same court dated April 13, 2010.

Ordered that the appeal from the order dated April 13, 2010, is dismissed as abandoned; and it is further,

Ordered that the order dated May 19, 2009, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Contrary to the plaintiff's contentions, the Supreme Court did not improvidently exercise its discretion in denying that branch of her motion which was to compel the defendants to produce a specified additional witness for a deposition. A corporate entity has the right to designate, in the first instance, the employee who shall be examined (*see Barone v Great Atl. & Pac. Tea Co.*, 260 AD2d 417 [1999]; *Mercado v Alexander*, 227 AD2d 391 [1996]; *Defina v Brooklyn Union Gas Co.*, 217 AD2d 681, 682 [1995]; *Tower v Chemical Bank*, 140 AD2d 514 [1988]). The plaintiff failed to demonstrate that the defendants' representative who had already been deposed had insufficient knowl-

edge, or was otherwise inadequate (*see Barone v Great Atl. & Pac. Tea Co.*, 260 AD2d at 417; *Saxe v City of New York*, 250 AD2d 751 [1998]; *Carter v New York City Bd. of Educ.*, 225 AD2d 512 [1996]; *Perez v City of White Plains*, 222 AD2d 663 [1995]; *Zollner v City of New York*, 204 AD2d 626 [1994]).

With respect to the other witness whom the plaintiff asked to depose, the defendants advised the plaintiff that the witness was no longer employed by the defendants, and they provided his last known address to the plaintiff. As to the documents demanded by the plaintiff, the defendants advised the plaintiff that such documents did not exist, and there was no evidence in the record to the contrary. Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.