■ TRUEFORGE GLOBAL MACHINERY CORP., Respondent, v VIRAJ GROUP, a Joint Venture, et al., Appellants. [923 NYS2d 146]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered December 17, 2009, as denied their cross motion for summary judgment dismissing the complaint, and (2) so much of an order of the same court entered May 20, 2010, as, upon granting the plaintiff's cross motion for leave to reargue its prior motion to compel the defendants to produce nonparty Neeraj Kochhar for a deposition, in effect, vacated so much of the order entered December 17, 2009, as denied the plaintiff's motion to compel the defendants to produce nonparty Neeraj Kochhar for a deposition, and thereupon granted the motion.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly denied the defendants' cross motion for summary judgment dismissing the complaint pursuant to General Obligations Law § 5-701 (a) (10). "[I]n a contract action[,] a memorandum sufficient to meet the requirements of

the Statute of Frauds must contain expressly or by reasonable implication all the material terms of the agreement, including the rate of compensation if there has been agreement on that matter" (*Morris Cohon & Co. v Russell*, 23 NY2d 569, 575 [1969]; *see Intercontinental Planning v Daystrom, Inc.*, 24 NY2d 372, 378-379 [1969]). "If an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract" (*Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482 [1989], *cert denied* 498 US 816 [1990]; *see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]). Thus, "a mere agreement to agree, in which a material term is left for future negotiations, is unenforceable" (*Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d at 109; *see 2004 McDonald Ave. Realty, LLC v 2004 McDonald Ave. Corp.*, 50 AD3d 1021 [2008]; *Andor Group v Benninghoff*, 219 AD2d 573 [1995]). Further, while General Obligations Law § 5-701 (a) (10) applies to contracts implied in law to pay reasonable compensation (*see Snyder v Bronfman*, 13 NY3d 504 [2009]), in an action to recover reasonable compensation, "a sufficient memorandum need only evidence the fact of plaintiff's employment by defendant to render the alleged services" (*Morris Cohon & Co. v Russell*, 23 NY2d at 575-576). "The obligation of the defendant to pay reasonable compensation for the services is then implied" (*id.* at 576). Contrary to the defendants' contention, they failed to establish their prima facie entitlement to judgment as a matter of law based on the statute of frauds, as certain e-mail correspondence (*see* General Obligations Law § 5-701 [b] [4]; *Newmark & Co. Real Estate Inc. v 2615 E. 17 St. Realty LLC*, 80 AD3d 476, 477 [2011]; *see also Intercontinental Planning v Daystrom, Inc.*, 24 NY2d at 379; *Aloisi v Coin Phones*, 157 AD2d 688 [1990]) was sufficient to set forth an objective standard for determining the compensation to be paid to the plaintiff as a finder's fee, since it was tied to an extrinsic event, i.e., it was expressed as a percentage of the price paid by the defendants for the located acquisition opportunity, thus rendering the terms definite and enforceable (*see Tonkery v Martina*, 78 NY2d 893 [1991]; *Novello v 215 Rockaway, LLC*, 70 AD3d 909 [2010]; *Edge Mgt. Corp. v Crossborder Exch. Corp.*, 304 AD2d 422 [2003]; *cf. MP Innovations, Inc. v Atlantic Horizon Intl., Inc.*, 72 AD3d 571 [2010]).

Furthermore, the Supreme Court did not improvidently exercise its discretion in granting, upon reargument, the plaintiff's motion to compel a deposition of nonparty Neeraj Kochhar. "[A] corporation has the right in the first instance to determine which of its representatives will appear for an examination before trial" (*Barone v Great Atl. & Pac. Tea Co.*, 260

AD2d 417, 417-418 [1999]; *see Aronson v Im*, 81 AD3d 577, 577 [2011]; *Nunez v Chase Manhattan Bank*, 71 AD3d 967 [2010]; *Mercado v Alexander*, 227 AD2d 391 [1996]). The moving party that is seeking additional depositions has the burden of demonstrating "(1) that the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case" (*Zollner v City of New York*, 204 AD2d 626, 627 [1994]; *see Thristino v County of Suffolk*, 78 AD3d 927 [2010]; *Spohn-Konen v Town of Brookhaven*, 74 AD3d 1049 [2010]; *Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d 930, 932-933 [2008]; *Nazario v City of New York*, 27 AD3d 439 [2006]; *Barone v Great Atl. & Pac. Tea Co.*, 260 AD2d at 418). Here, the plaintiff satisfied this burden by demonstrating that the representative produced by the defendants for deposition did not have sufficient knowledge of the events giving rise to the complaint (*see Nunez v Chase Manhattan Bank*, 71 AD3d 967 [2010]), and that there was a substantial likelihood that Neeraj Kochhar possessed information which was material and necessary to the issue of whether the plaintiff was entitled to payment of a finder's fee (*see Nazario v City of New York*, 27 AD3d 439 [2006]; *cf. Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d at 932-933). Covello, J.P., Eng, Hall and Roman, JJ., concur.