JAMES SCHIAVONE et al., Respondents, v KEYSPAN ENERGY DELIVERY NYC et al., Appellants, et al., Defendants. [933 NYS2d 310]—

The Supreme Court providently exercised its discretion in denying the motion of the defendants Keyspan Energy Delivery NYC (hereinafter Keyspan), Hallen Construction Co., Inc. (hereinafter Hallen), and New York Paving, Inc. (hereinafter collectively the defendants), which was to preclude the plaintiffs from offering evidence on the issue of damages or, in the alternative, to compel the plaintiff James Schiavone (hereinafter the injured plaintiff) to provide authorizations for the release of certain medical records. Contrary to the defendants' contention, the injured plaintiff did not place his entire medical condition in controversy with broad allegations of physical injury and mental anguish in the bill of particulars (see DeLouise v S.K.I. Wholesale Beer Corp., 79 AD3d 1092, 1093 [2010]; Abdalla v Mazl Taxi, Inc., 66 AD3d 803, 804 [2009]; Diamond v Ross Orthopedic Group, P.C., 41 AD3d 768 [2007]; Avila v 106 Corona Realty Corp., 300 AD2d 266, 267 [2002]). The bill of particulars alleged only specific injuries to the injured plaintiff's left knee, and he has provided authorizations for the release of the pertinent medical files (cf. Cynthia B. v New Rochelle Hosp.

*Med. Ctr.*, 60 NY2d 452, 456-457 [1983]; *DeLouise v S.K.I. Wholesale Beer Corp.*, 79 AD3d at 1093). The defendants' demands with respect to the injured plaintiff's entire medical history are patently overbroad and burdensome (*see Azznara v Strauss*, 81 AD3d 578, 579 [2011]; *Bongiorno v Livingston*, 20 AD3d 379, 381 [2005]; *Holness v Chrysler Corp.*, 220 AD2d 721, 722 [1995]).

For the purposes of deposition, a corporate entity has the right to designate, in the first instance, the employee who shall be examined (*see Thristino v County of Suffolk*, 78 AD3d 927 [2010]; *Nunez v Chase Manhattan Bank*, 71 AD3d 967, 968 [2010]; *Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d 930, 932 [2008]; *Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d 803 [2008]). A further deposition may be allowed where the movant has demonstrated that (1) the employee already deposed had insufficient knowledge, or was otherwise inadequate, and (2) the employee proposed to be deposed can offer information that is material and necessary to the prosecution of the case (*see Aronson v Im*, 81 AD3d 577 [2011]; *Spohn-Konen v Town of Brookhaven*, 74 AD3d 1049 [2010]; *Nunez v Chase Manhattan Bank*, 71 AD3d at 968; *Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d at 932; *Saxe v City of New York*, 250 AD2d 751, 752 [1998]). Here, the plaintiffs failed to satisfy this burden with respect to Keyspan and Hallen (*cf. Antreasyan v Antreasyan*, 245 AD2d 405, 406 [1997]; *Colicchio v City of New York*, 181 AD2d 528 [1992]). Accordingly, the Supreme Court should have denied the plaintiffs' motion to compel Keyspan to produce Casey Giambrone for deposition and Hallen to produce Jimmy Koskol for deposition. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.