In a claim to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Court of Claims (DeBow, J.), dated September 29, 2011, as, upon renewal and reargument, granted that branch of the claimant’s motion which was for leave to amend the second amended claim to add a cause of action alleging a violation of Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-8.2 (b) (2) (iii) and adhered to the original determination in an order dated September 18, 2009, denying its cross motion, in effect, for summary judgment dismissing the second amended claim, and the claimant cross-appeals, as limited by his brief, from so much of the same order as denied those branches of his motion which were to compel the defendant to produce two additional witnesses for depositions and for leave to renew those branches of his prior motion which were for leave to amend the second amended claim to add a cause of action alleging violations of Labor Law § 241 (6) based on alleged violations of 12 NYCRR 23-8.1 (i), 23-8.2 (a) and 23-8.5.
Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the claimant’s motion which was to compel the *871 deposition of the defendant’s employee Alfred Wong, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The claimant, a laborer employed by nonparty DeFoe Corporation (hereinafter DeFoe), allegedly was injured at a construction site when a crane operator retracted one of the crane’s four stabilizing legs, called “outriggers,” on the claimant’s left hand, crushing it. At the time of the accident, DeFoe was performing emergency repairs on the Gowanus Expressway pursuant to a contract with the defendant. The claimant’s construction crew had just finished loading rebars into a truck and were preparing to move the crane to another location. At his deposition, the claimant testified that the last thing he recalled was detaching one of the outrigger’s round metal plates or pads from the leg of the outrigger.
In support of its cross motion, in effect, for leave to renew and reargue its prior cross motion for summary judgment dismissing the second amended claim, which alleged causes of action to recover damages for common-law negligence and a violation of Labor Law § 200, the defendant failed to establish, prima facie, that it lacked the authority to supervise or control the means and methods of the claimant’s work (see Ortega v Puccia, 57 AD3d 54, 61 [2008]). Accordingly, the Court of Claims, upon renewal and reargument, properly denied the cross motion.
Applications for leave to amend pleadings should be freely granted except when the delay in seeking leave to amend would directly cause undue prejudice or surprise to the opposing party, or when the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025 [b]; Ramos v Baker, 91 AD3d 930, 932 [2012]; Lucido v Mancuso, 49 AD3d 220, 222 [2008]). The sufficiency or underlying merit of the proposed amendment is to be examined no further (see Lucido v Mancuso, 49 AD3d at 227; Sample v Levada, 8 AD3d 465, 467-468 [2004]). Under the circumstances presented here, the Court of Claims, upon renewal and reargument, did not improvidently exercise its discretion in granting that branch of the claimant’s motion which was for leave to amend the second amended claim to add a cause of action alleging a violation of Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-8.2 (b) (2) (iii) (see Lucido v Mancuso, 49 AD3d at 232). The defendant was not unduly prejudiced or surprised by the timing of the motion, and the cause of action that the Court of Claims permitted the claimant to add was neither palpably insufficient nor patently *872 devoid of merit (see Mitchell v Triborough Bridge & Tunnel Auth., 220 AD2d 727, 728 [1995]; Field v New York Univ., 1 Misc 3d 559, 561 [2003]).
CPLR 3101 (a) requires “full disclosure of all matter material and necessary in the prosecution or defense of an action.” A party, however, does not have the right to “uncontrolled and unfettered disclosure” (Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531, 531 [2007]; see Barouh Eaton Allen Corp. v International Bus. Machs. Corp., 76 AD2d 873 [1980]). “ Tt is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims’ ” (Vyas v Campbell, 4 AD3d 417, 418 [2004], quoting Crazytown Furniture v Brooklyn Union Gas Co., 150 AD2d 420, 421 [1989]).
The moving party that is seeking additional depositions has the burden of demonstrating “(1) that the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case” (Zollner v City of New York, 204 AD2d 626, 627 [1994]; see Thristino v County of Suffolk, 78 AD3d 927 [2010]; Spohn-Konen v Town of Brookhaven, 74 AD3d 1049 [2010]; Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc., 54 AD3d 930, 932-933 [2008]; Nazario v City of New York, 27 AD3d 439 [2006]; Barone v Great Atl. & Pac. Tea Co., 260 AD2d 417, 417-418 [1999]). Whether the defendant had the authority to supervise the means and methods of the work is material and relevant to the issue of liability in this case (see Ortega v Puccia, 57 AD3d at 61).
A previous deposition established that the person produced by the defendant was not employed by the defendant but by nonparty HAKS Engineers, who had been hired by the defendant to perform engineering inspection services in connection with the project and lacked sufficient knowledge of the contract between the defendant and the claimant’s employer, DeFoe. Thus, he was insufficiently knowledgeable with respect to whether the defendant had the authority to supervise the means and methods of the claimant’s work. Moreover, the previous deposition established that there was a substantial likelihood that the additional witness, Alfred Wong, the defendant’s engineer-in-charge of the project, was in a position to offer material and necessary information on the issue of whether the defendant had the authority to supervise the means and methods of the claimant’s work. Accordingly, under the particular facts *873 of this case, the Court of Claims’ denial of the claimant’s request to compel the defendant to produce Alfred Wong for deposition was an improvident exercise of discretion (see Giordano v New Rochelle Mun. Hous. Auth., 84 AD3d 729, 731-732 [2011]). However, the Court of Claims did not improvidently exercise its discretion in denying the claimant’s request to compel the deposition of Vsevolod Pertsovskiy, a state-employed inspector, as the claimant failed to establish that he was in a position to offer material and necessary information in the prosecution of the claim (Barone v Great Atl. & Pac. Tea Co., 260 AD2d at 418).
The claimant’s remaining contentions are without merit. Dillon, J.P, Chambers, Austin and Roman, JJ., concur.