Order, Supreme Court, Bronx County (Laura Douglas, J.), entered on or about February 1, 2013, which, to the extent appealed from as limited by the briefs, denied defendants’ motion pursuant to CELR 3126 to strike the complaint upon plaintiffs’ failure to provide requested HIPAA-compliant authorizations for the release of medical records, affirmed, without costs.
This action was brought to recover damages for a torn rotator cuff, a fractured ankle and other orthopedic injuries sustained by plaintiff James Gumbs. This appeal involves defendants’ discovery notice for the production of authorizations for the release of the records of Gumbs’s cardiologist as well as his primary care physician. Defendants moved for an order striking the complaint upon plaintiffs’ refusal to provide the authorizations. Counsel’s affirmation was accompanied by copies of the *574 pleadings, bills of particulars, defendants’ discovery notice and plaintiffs’ response. The motion was made solely on the bare-bones assertion that “[pjlaintiff certainly has placed his medical condition in issue and has also placed his ability to work in the future at issue as well as his life expectancy.” Plaintiffs opposed the motion on grounds that included the physician-patient privilege. The court below denied the motion, finding that defendants have not shown that the records they seek are related to the claimed injuries. We affirm.
Discovery determinations rest with the sound discretion of the motion court (Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000]). This Court is nonetheless vested with a corresponding power to substitute its own discretion for that of the motion court (id.). Notwithstanding our own discretion, “deference is afforded to the trial court’s discretionary determinations regarding disclosure” (Don Buchwald & Assoc. v Marber-Rich, 305 AD2d 338, 338 [1st Dept 2003] [internal quotation marks omitted]). Unlike the dissent, we find no abuse of the court’s discretion given the paucity of support for the motion in the first instance. Specifically, defendants’ argument regarding the relevance of Gumbs’s medical history as set forth in his deposition was improperly made for the first time in their reply papers (see e.g. Ambac Assur. Corp. v DLJ Mtge. Capital, Inc., 92 AD3d 451, 452 [1st Dept 2012]). The purpose of reply papers “is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of the motion” (id. [internal quotation marks omitted]). This impropriety deprived plaintiffs of an opportunity to respond to the argument. Accordingly, the denial of defendants’ motion was reasonable and supported by law.
We, otherwise, find no occasion to substitute our own discretion for that of the motion court. Gumbs’s waiver of his physician-patient privilege is limited in scope to “those conditions affirmatively placed in controversy” (Felix v Lawrence Hosp. Ctr., 100 AD3d 470, 471 [1st Dept 2012]). Gumbs did not place his entire medical condition in controversy by suing to recover damages for orthopedic injuries (see e.g. Schiavone v Keyspan Energy Delivery NYC, 89 AD3d 916, 916-917 [2d Dept 2011]). Concur — Mazzarelli, J.É, Sweeny and DeGrasse, JJ.