Monti v Shaw (2020 NY Slip Op 02777)





Monti v Shaw


2020 NY Slip Op 02777


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-13750
 (Index No. 609624/16)

[*1]Jack Monti, Jr., et al., respondents, 
v
Mindy E. Shaw, et al., appellants, et al., defendant.


The Rizzuto Law Firm, Uniondale, NY (Bettina L. Hollis of counsel), for appellants.
Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (William G. Ford, J.), entered October 31, 2018. The order, in effect, conditionally granted the plaintiffs' motion to compel the defendant Suffolk Coach, Inc., to produce an additional witness for a deposition on the issue of the "nature, scope or existence of a relationship between it and Lindy's Taxi."
ORDERED that the order is affirmed, with costs.
On June 6, 2016, the plaintiff Jack Monti, Jr. (hereinafter the injured plaintiff), allegedly was injured in a motor vehicle accident when, while operating his motorcycle, it was struck by a taxi owned by the defendant Suffolk Coach, Inc. (hereinafter Suffolk Coach), and operated by the defendant Mindy E. Shaw (hereinafter together the defendants). At the scene of the accident, Shaw provided a sworn written statement to the police indicating that she was employed as a taxi driver by Lindy's Taxi, Inc. (hereinafter Lindy's).
The injured plaintiff, and his wife suing derivatively (hereinafter together the plaintiffs), commenced this action against the defendants to recover damages for personal injuries. In January 2017, the Supreme Court granted the plaintiffs' motion for summary judgment on the issue of liability. Thereafter, Suffolk Coach produced its manager for a deposition, during which he acknowledged that some of the taxis owned by Suffolk Coach bore the name Lindy's on the body of the vehicle. The court subsequently granted the plaintiffs' motion for leave to amend the complaint to add Lindy's as a defendant in this action.
By notice of motion dated February 1, 2018, the plaintiffs moved to compel Suffolk Coach to produce an additional witness for a deposition with knowledge on the issue of the business relationship between Suffolk Coach and Lindy's. The defendants opposed the motion. In an order entered October 31, 2018, the Supreme Court, after finding that "a reasonable basis of inquiry and investigation exists concerning the nature or scope of relationship between [Suffolk Coach and Lindy's]," in effect, conditionally granted the plaintiffs' motion, determining that the plaintiffs were "entitled to compel an additional deposition of defendant Suffolk Coach, if and only if, it cannot [*2]obtain the requested disclosure" from Lindy's (emphasis omitted). In reaching that determination, the court noted that Lindy's "has yet to be served with a copy of the pleadings in this matter and has not yet appeared." The court rejected the defendants' contention that, since the issue of liability was resolved in favor of the plaintiffs, the nature of the relationship between Suffolk Coach and Lindy's was immaterial. The defendants appeal.
A corporate entity has the right to designate the employee who will be deposed (see O'Brien v Village of Babylon, 153 AD3d 547, 547; Gelda v Costco Wholesale Corp., 89 AD3d 1058, 1058; Trueforge Global Mach. Corp. v Viraj Group, 84 AD3d 938, 939). "A party seeking additional depositions has the burden of demonstrating (1) that the representatives already deposed had insufficient knowledge or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case" (O'Brien v Village of Babylon, 153 AD3d at 547 [internal quotation marks omitted]; see Gomez v State of New York, 106 AD3d 870, 872; Trueforge Global Mach. Corp. v Viraj Group, 84 AD3d at 940; Thristino v County of Suffolk, 78 AD3d 927).
Here, the plaintiffs satisfied this burden by demonstrating that the witness produced by Suffolk Coach for a deposition had insufficient knowledge of the business relationship between Suffolk Coach and Lindy's, that further discovery on the limited issue of "the nature, scope or existence of a relationship between [Suffolk Coach] and Lindy's" was material and necessary to the prosecution of the action, and that there was a substantial likelihood that another representative of Suffolk Coach possessed that information (see CPLR 3101[a]; Bravo v Vargas, 113 AD3d 577, 579; Trueforge Global Mach. Corp. v Viraj Group, 84 AD3d at 940; Nunez v Chase Manhattan Bank, 71 AD3d 967, 968). Contrary to the defendants' contention, the court, in the order appealed from, did not suggest that the plaintiffs would be permitted to inquire "into judgment exposure" during any subsequent deposition of a witness produced by Suffolk Coach.
The references in the parties' briefs to events occurring subsequent to the date of the order appealed from are not properly before this Court and have not been considered in the determination of this appeal (see Kiernan v Booth Mem. Med. Ctr., 175 AD3d 1396, 1398).
Accordingly, the Supreme Court providently exercised its discretion by, in effect, conditionally granting the plaintiffs' motion to compel Suffolk Coach to produce an additional witness for a deposition on the issue of the "nature, scope or existence of a relationship between it and Lindy's Taxi."
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court