Grandelli v Hope St. Holdings, LLC (2020 NY Slip Op 03646)





Grandelli v Hope St. Holdings, LLC


2020 NY Slip Op 03646


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2019-02301
 (Index No. 503396/16)

[*1]Louis Grandelli, etc., et al., respondents,
v
Hope Street Holdings, LLC, et al., appellants, et al., defendants (and a third-party action).


Wilson Elser Moskowitz Edelman & Dicker LLP (Joseph P. Wodarski, John D. Morio, and Joseph Leathem Leahy of counsel), for appellants.
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Richard M. Steigman of counsel), for respondents.
Eckert, Seamans, Cherin & Mellott, LLC, White Plains, NY (Ezra Alter of counsel), for defendant Warner Electric Europe SAS.



DECISION & ORDER
In an action to recover damages for wrongful death, etc., the defendants Hope Street Holdings, LLC, and Goose Property Management, LLC, appeal from an order of the Supreme Court, Kings County (Lizette Colon, J.), dated February 25, 2019. The order denied those defendants' motion pursuant to CPLR 3103 for a protective order.
ORDERED that the order is affirmed, with costs.
This action seeks to recover damages for the wrongful death of the plaintiffs' decedent arising from an elevator malfunction. The owner of the residential apartment building where the elevator was located is the defendant Hope Street Holdings, LLC (hereinafter Hope Street), and the property management company for that building is the defendant Goose Property Management, LLC (hereinafter Goose Property, and together with Hope Street, the defendants). The
defendants moved pursuant to CPLR 3103 for a protective order, to preclude the deposition of a co-owner of Hope Street, after the superintendent of construction for the building was deposed on behalf of Hope Street, and the owner of Goose Property was deposed on behalf of Goose Property.
The Supreme Court providently exercised its discretion in denying the defendants' motion for a protective order. The plaintiffs demonstrated that the representatives produced by the defendants did not have sufficient knowledge about the events giving rise to the complaint, and that there was a substantial likelihood that the witness whom the plaintiffs sought to depose possessed information which was material and necessary to the prosecution of this action (see Trueforge Global Mach. Corp. v Viraj Group, 84 AD3d 938, 940).
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court