Palermo v Metropolitan Tr. Auth. (2026 NY Slip Op 00139)

Palermo v Metropolitan Tr. Auth.

2026 NY Slip Op 00139

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2023-09800
 (Index No. 619249/18)

[*1]Nicole Palermo, appellant, 
vMetropolitan Transit Authority, et al., respondents.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for appellant.
Mulholland, Minion, Davey, McNiff & Beyrer, Williston Park, NY (John A. Beyrer of counsel), for respondents Metropolitan Transportation Authority, incorrectly sued herein as Metropolitan Transit Authority, and Long Island Railroad.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Diana T. Bishop of counsel), for respondent County of Suffolk, New York.
Perillo Hill LLP, Sayville, NY (Timothy F. Hill of counsel), for respondent Town of Islip, New York.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated August 8, 2023. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated May 4, 2023, denying those branches of the plaintiff's motion which were to compel the defendants to produce additional witnesses for depositions and, in effect, pursuant to CPLR 3124 to compel disclosure of certain materials for discovery and inspection.
ORDERED that the appeal from so much of the order dated August 8, 2023, as, upon reargument, adhered to the prior determination in the order dated May 4, 2023, denying those branches of the plaintiff's motion which were to compel the defendant Metropolitan Transportation Authority, incorrectly sued herein as Metropolitan Transit Authority, to produce an additional witness for a deposition and, in effect, pursuant to CPLR 3124 to compel disclosure by that defendant of certain materials for discovery and inspection is dismissed as academic; and it is further,
ORDERED that the order dated August 8, 2023, is modified, on the law and as a matter of discretion, by deleting the provision thereof, upon reargument, adhering to the determination in the order dated May 4, 2023, denying that branch of the plaintiff's motion which was to compel the defendant Long Island Railroad to produce an additional witness for a deposition, and substituting therefor a provision, upon reargument, vacating that determination in the order dated May 4, 2023, and thereupon granting that branch of the motion; as so modified, the order dated August 8, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that the plaintiff is awarded one bill of costs payable by the defendant Long Island Railroad, and the defendants County of Suffolk, New York, and Town of Islip, New York, are awarded one bill of costs payable by the plaintiff.
As set forth in a related appeal (see Palermo v Metropolitan Transit Auth., _____ AD3d _____ [Appellate Division Docket No. 2024-07974; decided herewith]), the Supreme Court granted that branch of the motion of the defendant Metropolitan Transportation Authority, incorrectly sued herein as Metropolitan Transit Authority (hereinafter the MTA), which was for summary judgment dismissing the complaint insofar as asserted against it upon grounds unrelated to this appeal. Accordingly, so much of this appeal as relates to the MTA has been rendered academic.
The plaintiff allegedly tripped and fell on an alleged defect while walking on a sidewalk at or near a train station in Ronkonkoma which was allegedly owned and operated by the defendant Long Island Railroad (hereinafter the LIRR). The plaintiff commenced this action against the MTA, the LIRR, the defendant County of Suffolk, New York, and the defendant Town of Islip, New York. During the course of discovery, the plaintiff served a notice for discovery and inspection and a supplemental notice for discovery and inspection upon the defendants seeking certain materials for discovery and inspection. Thereafter, the plaintiff moved, among other things, to compel the defendants to produce additional witnesses for depositions and, in effect, pursuant to CPLR 3124 to compel disclosure of certain materials for discovery and inspection. By order dated May 4, 2023, the Supreme Court, inter alia, denied those branches of the motion. Thereafter, the plaintiff moved, among other things, for leave to reargue those branches of her prior motion. By order dated August 8, 2023, the court, inter alia, upon reargument, adhered to its prior determination in the order dated May 4, 2023, denying those branches of the plaintiff's prior motion. The plaintiff appeals.
"A corporate entity has the right to designate, in the first instance, the employee who shall be examined" (Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc., 54 AD3d 930, 932 [internal quotation marks omitted]; see Monti v Shaw, 183 AD3d 722, 723). "The moving party that is seeking additional depositions has the burden of demonstrating (1) that the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case" (Gomez v State of New York, 106 AD3d 870, 871 [internal quotation marks omitted]; see Teodoro v C.W. Brown, Inc., 200 AD3d 997, 998). Here, the plaintiff satisfied her burden of demonstrating that the representative produced by the LIRR for a deposition did not have sufficient knowledge of the area of the station that was allegedly owned by the LIRR and that there was a substantial likelihood that other employees possessed such knowledge (see Aronson v Im, 81 AD3d 577, 578; Brevetti v City of New York, 79 AD3d 958, 958-959). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to compel the LIRR to produce an additional witness for a deposition (see Monti v Shaw, 183 AD3d at 723-724; Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc., 54 AD3d at 933).
However, the Supreme Court providently exercised its discretion in denying those branches of the plaintiff's motion which were to compel the County and the Town to provide additional witnesses for depositions. The plaintiff failed to demonstrate that those defendants' representatives, who had already been deposed, had insufficient knowledge or were otherwise inadequate as witnesses (see Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 638, 640; Heins v Vanbourgondien, 180 AD3d 1019, 1026).
The Supreme Court also providently exercised its discretion in denying those branches of the plaintiff's motion which were, in effect, pursuant to CPLR 3124 to compel disclosure by the LIRR, the County, and the Town of certain materials for discovery and inspection based upon the unrefuted denials by those defendants of the possession of such materials (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 686; Lieblich v Saint Peter's Hosp. of the City of Albany, 112 AD3d 1202, 1205).
The parties' remaining contentions are without merit.
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court