■ DARLENE ZOLLNER et al., Appellants, v CITY OF NEW YORK et al., Respondents. [612 NYS2d 627] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Price, J.), dated October 26, 1992, which denied their motion to depose certain witnesses.

Ordered that the order is modified, as a matter of discretion in the interest of justice, by deleting so much thereof as denied that branch of the plaintiffs' motion which was to depose Patrick Gear and Carl Zephrine, and substituting therefor a provision granting the plaintiffs leave to depose Patrick Gear and Carl Zephrine at a time and place to be set in a written notice of at least 10 days, to be provided by the plaintiffs to those witnesses, or at such time and place as the parties may agree; as so modified, the order is affirmed, with costs to the plaintiffs.

The plaintiff Darlene Zollner alleged that she was paralyzed from the waist down as a result of an automobile accident involving vehicles owned or driven by the various defendants. The plaintiffs deposed one of the defendants, Albert Eisenberg, who was also an employee of the defendant City of New York. At that deposition, Eisenberg identified Patrick Gear and Carl Zephrine, fellow City employees at the accident site, as witnesses to the accident, and also identified other City employees who were at the scene. He also stated that he did not personally see how the accident occurred. Subsequently, the plaintiffs served a notice to take the depositions of five of the employees named by Eisenberg, including Gear and Zephrine, and of the police officer who arrived at the scene shortly after the accident and diagrammed the locations of the involved vehicles. The plaintiffs' notice violated the court's preliminary conference order which required that "[t]he attorneys shall immediately proceed to the undersigned (if he is not available, to the emergency Judge) for rulings on objections, applications for further witnesses or any other matter pertaining to the depositions(s)". The City moved for a protective order, which was granted on the ground that the deposition notice violated the preliminary conference order, but not on the merits of the application. Two weeks later, the plaintiffs moved for leave to

conduct the depositions, and the court denied the motion on the ground that the plaintiffs had not complied with the procedure set forth in the preliminary conference order. We modify the order to the extent indicated.

In order to show that additional depositions are necessary, the moving party must show (1) that the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case *(see, Simon v Advance Equip. Co.,* 126 AD2d 632; *Schillaci v Jamaica Sav. & Loan,* 90 AD2d 770). Eisenberg, at his deposition, stated that he did not himself see how the accident occurred, and expressly identified Gear and Zephrine as witnesses. These facts satisfy the test set forth in the case law, and the plaintiffs should be allowed to depose Gear and Zephrine. However, there has been no showing of materiality or necessity as to the other witnesses whom the plaintiffs seek to depose, and accordingly, the court correctly denied the plaintiffs leave to depose them. Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.