■ GABRIEL RODRIGUEZ, an Infant, by His Mother and Natural Guardian, MIRIAM RODRIGUEZ, Appellant, v CITY OF NEW YORK et al., Respondents. [635 NYS2d 590] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered August 17, 1994, which, to the extent appealed from, denied plaintiff's motion for disclosure pursuant to Civil Rights Law § 50-a of certain Police Department documents, unanimously affirmed, without costs.

We reject plaintiff's contention that the additional documents requested should have been disclosed. It is not disputed that the Internal Affairs Division (IAD) file concerning the incident in issue was provided to the IAS Court for inspection, or that the court performed its statutory function of reviewing that file to determine what was relevant and material (Civil Rights Law § 50-a [2], [3]). After review, the court ordered disclosure of the police officers' injury reports and memo book entries, as well as the civilian complaint and a police aided report. As for the recordings of witness interviews, photographs of the scene, 911 and radio run recordings and schematic diagrams, items that plaintiff contends also should have been disclosed, there has not even been a showing that these items were part of the IAD file produced for inspection. Plaintiff's counsel merely assumed their existence based on his "knowledge of some of what was done [in this] IAD investigation [and of] the forms and other records that are typically generated in a case involving police brutality". Moreover, plaintiff has made no showing that the IAS Court improvidently exercised its discretion in concluding that these specific items, assuming they were part of the IAD file, were "not relevant and material"; plaintiff merely asserts in a conclusory manner that "there can be no doubt" that these items "would help sharpen the issues". Concur—Sullivan, J. P., Ellerin, Wallach and Rubin, JJ.