■ HAZEL CARTER et al., Appellants, v NEW YORK CITY BOARD OF EDUCATION et al., Respondents. [638 NYS2d 770]

The plaintiffs moved to compel the defendants to produce deposition witnesses with knowledge of the underlying incident or to provide them with information about employees who might have witnessed the incident. On such a motion, "the moving party must show (1) that the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case" (*Zollner v City of New York,* 204 AD2d 626, 627).

The court properly denied the plaintiffs' motion in this case because their motion papers were totally conclusory and completely devoid of any facts supporting their application. Nowhere was it even alleged that the witness originally produced by the defendants had insufficient knowledge or was otherwise inadequate. Additionally, the plaintiffs did not show that there was a substantial likelihood that the persons sought for depositions possessed information material and necessary to the prosecution of the case (*cf., Zollner v City of New York, supra*). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.

■ DANICE CASPER, Respondent, v CITIBANK, N. A., et al., Appellants. [639 NYS2d 718]

Ordered that the order and judgment is affirmed, with one bill of costs, for reasons stated by Justice Sangiorgio at the Supreme Court. Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.