■ ELEANOR GOLD, Respondent, v ZITO & ZITO MAINTENANCE Co., INC., Appellant. [668 NYS2d 502] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated July 16, 1997, as (1) granted the plaintiff's motion to compel the defendant to produce an additional employee at an examination before trial, and (2) denied the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs, and the time to conduct the examination before trial is extended until 30 days after service upon the defendant of a copy of this decision and order with notice of entry; and it is further,

Ordered that the examination before trial shall be conducted at a time and place to be set in a written notice of at least 10 days to be served by the plaintiff upon the defendant, or at such time and place as the parties may agree.

"In order to show that additional depositions are necessary, the moving party must show (1) that the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case" (*Zollner v City of New York,* 204 AD2d 626, 627; *see, Uvaydova v New York Tel. Co.,* 226 AD2d 626). In the present case, the defendant produced for deposition a member of its daytime cleaning crew who specifically testified that he did not have responsibility for mopping, waxing, and polishing the floor where the plaintiff slipped and fell. Since the plaintiff alleged that the floors were wet and/or highly polished and that this was the cause of her accident, the court did not improvidently exercise

its discretion in ordering the defendant to produce for a deposition a member of its nighttime cleaning crew who could testify as to his or her responsibility for cleaning and polishing the floor.

Furthermore, because there was additional discovery to be completed, the court did not err in denying the defendant's cross motion for summary judgment without prejudice to renewal upon the completion of the additional deposition (*see*, CPLR 3212). Thompson, J. P., Joy, Florio and Luciano, JJ., concur.