■ CAROLINE HARRIS et al., Appellants, v TOWN OF ISLIP, Appellant, and COUNTY OF SUFFOLK et al., Respondents. [703 NYS2d 45] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of (a) an order of the Supreme Court, Suffolk County (Gowan, J.), entered October 6, 1998, as granted those branches of the motion of the defendants County of Suffolk and Suffolk County Community College which were for a protective order denying the plaintiffs any further depositions of employees of the County of Suffolk and Suffolk County Community College and for summary judgment dismissing the complaint insofar as asserted against them, and (b) a judgment of the same court entered December 8, 1998, as dismissed the complaint insofar as asserted against the defendants County of Suffolk and Suffolk County Community College, and (2) the de-

fendant Town of Islip separately appeals, as limited by its brief, from so much of (a) the same order as granted those branches of the motion of the defendants County of Suffolk and Suffolk County Community College which were for a protective order denying the plaintiffs any further depositions of employees of the County of Suffolk and Suffolk County Community College and for summary judgment dismissing all cross claims, and (b) the same judgment as dismissed all cross claims.

Ordered that the appeal by the defendant Town of Islip from so much of the order as granted that branch of the motion of the defendants County of Suffolk and Suffolk County Community College which was for a protective order is dismissed, as it is not aggrieved by that portion of the order; and it is further,

Ordered that the appeals from the order are otherwise dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, those branches of the motion by the defendants County of Suffolk and Suffolk County Community College which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and for a protective order are denied, and the complaint is reinstated insofar as asserted against the defendants County of Suffolk and Suffolk County Community College; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The appeals from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff Caroline Harris allegedly suffered injuries when she tripped and fell on a gravel driveway leading from a parking lot to the grounds of the defendant Suffolk County Community College (hereinafter SCCC), which is owned and maintained by the defendant County of Suffolk (hereinafter the County).

Although a municipality has the right to determine which of its officers or employees with knowledge of the facts underlying the litigation may appear for an examination before trial, a plaintiff may demand production of additional witnesses "when it becomes apparent that the knowledge of the proffered official or officials is inadequate to produce testimonial and documen-

tary evidence material and necessary to the prosecution of the action" (*D'Ulisse v Town of Oyster Bay,* 81 AD2d 825, 826). The witness produced by the County for its examination before trial had insufficient knowledge as to whether the County and/or SCCC made special use of the gravel walkway upon which the injured plaintiff allegedly tripped and fell. Thus, neither the County nor SCCC were entitled to summary judgment or a protective order denying the plaintiffs any further deposition of their employees. Ritter, J. P., Friedmann, Feuerstein and Smith, JJ., concur.