■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PEREZ, Appellant. [843 NYS2d 67]—Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered December 21, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

The record on appeal supports the trial court's determination that the disciplinary records of the undercover officer in this buy and bust case contained nothing that was "relevant and material" to defendant's case, and therefore we decline to review those records (Civil Rights Law § 50-a [3]). Furthermore, defendant received a full opportunity to impeach the officer as to all matters affecting her credibility, and his Confrontation Clause claim is without merit (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Concur—Tom, J.P., Mazzarelli, Friedman, Sullivan and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAVIN GIBBS, Appellant. [843 NYS2d 258]—Judgment, Supreme Court, New York County (Robert H. Straus, J.), rendered April 22, 2005, convicting defendant, after a jury trial, of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There was extensive circumstantial evidence establishing defendant's identity as the person who presented a counterfeit credit card in an attempt to purchase merchandise. To the extent that defendant is claiming that the counterfeit credit card and related receipt for the transaction were improperly admitted into evidence, we find that argument without merit. Concur—Tom, J.P., Mazzarelli, Friedman, Sullivan and Nardelli, JJ.