■ CYNTHIA DOUGLAS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendant. [852 NYS2d 368]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court,

Richmond County (Minardo, J.), dated December 7, 2006, as denied her motion to compel the defendant New York City Transit Authority to produce a certain witness for deposition.

Ordered that the order is affirmed insofar as appealed from, with costs.

A municipality, in the first instance, has the right to determine which of its officers or employees with knowledge of the facts may appear for a deposition (*see Pomilio-Young v City of New York*, 7 AD3d 600 [2004]; *Del Rosa v City of New York*, 304 AD2d 786 [2003]; *D & S Realty Dev. v Town of Huntington*, 295 AD2d 306, 307 [2002]). The plaintiff may demand the production of additional witnesses upon a showing that (1) the representative already deposed had insufficient knowledge or was otherwise inadequate, and (2) there is a substantial likelihood that the person sought for deposition possesses information which is material and necessary to the prosecution of the case (*see Del Rosa v City of New York*, 304 AD2d 786 [2003]; *Zollner v City of New York*, 204 AD2d 626, 627 [1994]; *Simon v Advance Equip. Co.*, 126 AD2d 632 [1987]).

Here, the plaintiff deposed the defendant bus driver Ronnie Medina who was an employee of the defendant New York City Transit Authority (hereinafter the NYCTA) and who was involved in the subject accident. The plaintiff failed to demonstrate that Medina had insufficient knowledge of the facts or that he was otherwise an inadequate witness. Accordingly, the plaintiff's motion to compel the NYCTA to produce an additional employee was properly denied. Spolzino, J.P., Santucci, Dillon and Balkin, JJ., concur.