In an action to recover damages for personal injuries, etc., the defendant Robert Silich appeals (1) from an order of the Supreme Court, Richmond County (Maltese, J.), dated April 27, 2007, which denied his motion for a protective order pursuant to CFLR 3103 (a) to bar his further deposition, and (2) from so much of an order of the same court dated June 15, 2007, as, upon reargument, in effect, adhered to the original determination.
Ordered that the appeal from the order dated April 27, 2007 is dismissed, as that order was superseded by the order dated June 15, 2007, made upon reargument; and it is further,
Ordered that the order dated June 15, 2007 is reversed insofar as appealed from, on the law, and, upon reargument, the motion for a protective order pursuant to CFLR 3103 (a) is granted, and the order dated April 27, 2007 is vacated; and it is further,
Ordered that one bill of costs is awarded to the appellant.
While CFLR 3101 (a) “provides that ‘[t]here shall be full disclosure of all matter material and necessary in the prosecution ... of an action’ ” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 n 1 [1968], quoting CFLR 3101 [a]), “unlimited disclosure is not permitted” (Silcox v City of New York, 233 AD2d 494, 494 [1996]). CPLR 3103 (a) provides that a court may issue “a protective order denying, limiting, conditioning or *530 regulating the use of any disclosure device ... to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person.” Here, the defendant Robert Silich (hereinafter the defendant), had been completely and fully deposed by the plaintiff in 2005, and the plaintiff failed to demonstrate that a further deposition was necessary (cf. Zollner v City of New York, 204 AD2d 626, 627 [1994]). Thus, the Supreme Court, upon reargument, should have granted the defendant’s motion for a protective order pursuant to CPLR 3103 (a). Skelos, J.P., Ritter, Dillon, Garni and Leventhal, JJ., concur.