■ DONALD FILORAMO et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant. [877 NYS2d 191]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated March 28, 2008, as denied those branches of their motion which were pursuant to CPLR 3126 to strike the answer of the defendant City of New York and to compel that defendant to produce an employee for a deposition.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was to compel the defendant City of New York to produce the subject employee for a deposition and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Although a municipality, in the first instance, has the right to determine which of its officers or employees with knowledge of the facts may appear for a deposition, a plaintiff may demand production of additional witnesses when (1) the officers or employees already deposed had insufficient knowledge or were otherwise inadequate, and (2) there is a substantial likelihood that the person sought for deposition possesses information which is material and necessary to the prosecution of the case (*see Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d 930, 933 [2008]; *Douglas v New York City Tr. Auth.*, 48 AD3d 615, 616 [2008]; *Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d 803, 804 [2008]; *Del Rosa v City of New York*, 304 AD2d 786 [2003]). The plaintiffs established that the witnesses produced by the respondent for deposition had insufficient knowledge regarding the making of a line-of-duty injury report which was material and necessary to the prosecution of the action (*see D & S Realty Dev. v Town of Huntington*, 295 AD2d 306, 308 [2002]; *Harris v Town of Islip*,

268 AD2d 459, 460-461 [2000]; *D'Ulisse v Town of Oyster Bay,* 81 AD2d 825, 826 [1981]). Furthermore, the employee the plaintiffs sought to depose was the investigating officer who signed the line-of-duty injury report and made the original records that were copied into the report (*see* CPLR 4518 [a]). Accordingly, that branch of the plaintiffs' motion which was to compel the respondent to produce the employee for a deposition should have been granted.

The plaintiffs, however, failed to make a clear showing that the respondent willfully and contumaciously defied the directive of the preliminary conference order to produce all accident reports, or willfully and contumaciously withheld relevant documents (*see* CPLR 3101 [g]; *Paca v City of New York,* 51 AD3d 991, 993 [2008]; *Brandes v North Shore Univ. Hosp.,* 22 AD3d 778 [2005]; *Briggs v Allstate Ins. Co.,* 1 AD3d 392, 393 [2003]). Accordingly, that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the respondent's answer was properly denied. Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.