■ MICHAEL BREVETTI, Appellant, v CITY OF NEW YORK et al., Respondents. [914 NYS2d 240]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Aliotta, J.), dated April 7, 2010, which denied his motion to compel discovery.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion to compel discovery is granted.

Although a municipality, in the first instance, has the right to determine which of its officers or employees with knowledge of the facts may appear for a deposition, a plaintiff may demand production of additional witnesses when (1) the officers or employees already deposed had insufficient knowledge or were

otherwise inadequate, and (2) there is a substantial likelihood that the person sought for deposition possesses information which is material and necessary to the prosecution of the case (*see Filoramo v City of New York*, 61 AD3d 715 [2009]; *Douglas v New York City Tr. Auth.*, 48 AD3d 615, 616 [2008]; *Del Rosa v City of New York*, 304 AD2d 786 [2003]). Here, the plaintiff made the requisite showing. Accordingly, that branch of the plaintiff's motion which was to compel further depositions of employees of the Department of Design and Construction and the Department of Transportation who possess sufficient knowledge of the relevant facts should have been granted (*see Filoramo v City of New York*, 61 AD3d at 715-716; *Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d 930, 933 [2008]).

Furthermore, the documents which the plaintiff sought were relevant and were clearly identified in his motion (*see* CPLR 3120 [2]; *Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d at 933). Under the circumstances, that branch of the plaintiff's motion which was to compel the disclosure of these documents should have been granted. Skelos, J.P., Angiolillo, Hall and Roman, JJ., concur.