In an action, inter alia, to recover damages for wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated August 15, 2012, which denied their motion to compel the production and in camera inspection of certain records of the Suffolk County Police Department Internal Affairs Bureau pursuant to Civil Rights Law § 50-a.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs’ motion to compel the production and in camera inspection of certain records of the Suffolk County Police Department Internal Affairs Bureau pursuant to Civil Rights Law § 50-a is granted.
The plaintiffs served a notice of discovery and inspection, and thereafter moved to compel the production and in camera inspection of certain records of the Suffolk County Police Department (thereafter SCPD) Internal Affairs Bureau pursuant to Civil Rights Law § 50-a. The Supreme Court denied the plaintiffs’ motion.
In support of their motion, the plaintiffs established a factual predicate for obtaining access to the subject records of the SCPD Internal Affairs Bureau, which might contain information that *1028 is relevant and material to the underlying incident (see Civil Rights Law § 50-a [1]; Blanco v County of Suffolk, 51 AD3d 700, 701-702 [2008]). Accordingly, the Supreme Court should have granted the plaintiffs’ motion, conducted an in camera inspection of the records, and directed the disclosure of all relevant and material information contained therein (see Civil Rights Law § 50-a [3]; Blanco v County of Suffolk, 51 AD3d at 702; Evans v Murphy, 34 AD3d 417, 418 [2006]; see also McFarlane v County of Suffolk, 79 AD3d 706 [2010]). Mastro, J.P., Leventhal, Lott and Roman, JJ., concur.