A municipality, in the first instance, has the right to determine which of its officers or employees with knowledge of the facts may appear for a deposition (see Douglas v New York City Tr. Auth., 48 AD3d 615, 616 [2008]; Simpson v City of New York, 10 AD3d 601, 603 [2004]; Pomilio-Young v City of New York, 7 AD3d 600 [2004]). A plaintiff may demand the production of additional witnesses upon a showing that (1) the representative already deposed had insufficient knowledge or was otherwise inadequate, and (2) there is a substantial likelihood that the person sought for deposition possesses information which is material and necessary to the prosecution of the case (see Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc., 54 AD3d 930, 933 [2008]; Douglas v New York City Tr. Auth., 48 AD3d at 616; Del Rosa v City of New York, 304 AD2d 786 [2003]).
Here, the plaintiff deposed the defendant Edward M. Rosovich, a police officer and employee of the municipal defendants who was involved in the subject accident. The plaintiff failed to demonstrate that the individual defendant had insufficient knowledge of the facts or was otherwise inadequate (see Douglas v New York City Tr. Auth., 48 AD3d at 616; cf. Zollner v City of New York, 204 AD2d 626, 627 [1994]). Moreover, even if the witness proposed by the plaintiff possesses additional information regarding his investigation, conclusions, and recommendation, the plaintiff has not shown that such evidence is discoverable under the circumstances of this case (see Pisano v Door Control, 268 AD2d 416, 417 [2000]; Bischoff v City of New York, NYLJ, June 12, 2007 at 23, col 1 [Sup Ct, Kings County 2007]). Skelos, J.P., Dickerson, Lott and Austin, JJ., concur.