# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

760

CA 14-01644

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

MICHAEL E. BLACK AND BRUNA BLACK, AS
CO-EXECUTORS OF THE ESTATE OF PATRICK M.
BLACK, DECEASED, PLAINTIFFS-RESPONDENTS,

                    V                              MEMORANDUM AND ORDER

ADWAIT ATHALE, ET AL., DEFENDANTS,
AND COUNTY OF ERIE, DEFENDANT-APPELLANT.

---

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY C. TOTH OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LOTEMPIO & BROWN, P.C., BUFFALO (BRIAN J. BOGNER OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

     Appeal from an order of the Supreme Court, Erie County (Joseph R.
Glownia, J.), entered May 16, 2014.  The order, insofar as appealed
from, granted that part of the motion of plaintiffs seeking an order
compelling defendant County of Erie to produce two individuals for
depositions.

     It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

     Memorandum:  Plaintiffs' decedent was injured in a one-vehicle
accident on North Forest Road in the Town of Amherst when the vehicle
in which he was a passenger left the roadway and struck a utility
pole.  Plaintiffs thereafter commenced this action, alleging, inter
alia, that defendant County of Erie (County) negligently maintained
the section of North Forest Road where the accident occurred.  In
response to plaintiffs' discovery demands, the County produced two
employees for depositions.  Following those depositions, the County
made additional document disclosures to plaintiffs, and plaintiffs
thereafter sought to re-depose one of the employees (hereafter,
employee) and to depose the County Commissioner of Public Works
(Commissioner).  When the County refused to produce those individuals,
plaintiffs moved, inter alia, to strike the County's answer or to
compel the re-production of the employee and the production of the
Commissioner for depositions.  Supreme Court granted plaintiffs'
motion in part, ordering the County to re-produce the employee for a
deposition regarding documents produced by the County after his
initial deposition, and ordering the County to produce the
Commissioner for a deposition.  We now affirm.

"A trial court has broad discretion in supervising the discovery process, and its determinations will not be disturbed absent an abuse of that discretion" (*Finnegan v Peter, Sr. & Mary L. Liberatore Family Ltd. Partnership*, 90 AD3d 1676, 1677).  We note with respect to the employee that he admitted at his initial deposition that he could not recall specific details relevant to plaintiffs' theory of the County's liability without reviewing the documents that subsequently were produced by the County.  We thus conclude that the court did not abuse its discretion in directing the further deposition of the employee concerning those documents.

We likewise conclude that the court did not abuse its discretion in directing the County to produce the Commissioner for a deposition. "Although a municipality, in the first instance, has the right to determine which of its officers or employees with knowledge of the facts may appear for a deposition, a plaintiff may demand production of additional witnesses when (1) the officers or employees already deposed had insufficient knowledge or were otherwise inadequate, and (2) there is a substantial likelihood that the person sought for deposition possesses information which is material and necessary to the prosecution of the case" (*Brevetti v City of New York*, 79 AD3d 958, 958-959).  Here, the record establishes that the two employees previously produced by the County have at most a general understanding of the reconstruction project contemplated by the County with respect to the section of road where the accident occurred and the reasons that the reconstruction project was abandoned, while the Commissioner has peculiar and specific knowledge about that project and the decision-making process pursuant to which it was abandoned.  We therefore conclude that plaintiffs met their burden of demonstrating that the employees previously produced by the County "did not possess sufficient knowledge of the relevant facts or [were] otherwise inadequate" (*Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d 930, 933).

Entered:  June 19, 2015                    Frances E. Cafarell
                                           Clerk of the Court