■ SHANTELLE WALKER, Appellant, v CITY OF NEW YORK et al., Respondents. [30 NYS3d 908]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.H.O.), dated January 14, 2015, as denied that branch of her renewed

motion which was to compel the defendants to produce an additional witness for deposition.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although a municipality, in the first instance, has the right to determine which of its officers or employees with knowledge of the facts may appear for a deposition, a plaintiff may demand production of additional witnesses when (1) the officers or employees already deposed had insufficient knowledge or were otherwise inadequate as witnesses, and (2) there is a substantial likelihood that the person sought for deposition possesses information which is material and necessary to the prosecution of the case (*see Brevetti v City of New York*, 79 AD3d 958 [2010]; *Filoramo v City of New York*, 61 AD3d 715 [2009]; *Douglas v New York City Tr. Auth.*, 48 AD3d 615, 616 [2008]). The burden is upon the examining party to make a showing as to both factors (*see Bentze v Island Trees Union Free School Dist.*, 92 AD3d 709 [2012]; *Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d 803, 804 [2008]).

Here, upon renewal, the plaintiff failed to demonstrate that the defendants' representative who had already been deposed had insufficient knowledge or was otherwise inadequate as a witness (*see Thristino v County of Suffolk*, 78 AD3d 927 [2010]; *Carter v New York City Bd. of Educ.*, 225 AD2d 512 [1996]), and that there was a substantial likelihood that the person sought by the plaintiff for an additional deposition possessed information which was material and necessary to the prosecution of the action (*see Bentze v Island Trees Union Free School Dist.*, 92 AD3d at 709; *Conte v County of Nassau*, 87 AD3d 559, 560 [2011]; *Douglas v New York City Tr. Auth.*, 48 AD3d at 616). Accordingly, that branch of the plaintiff's renewed motion which was to compel the defendants to produce an additional witness for deposition was properly denied. Hall, J.P., Cohen, Miller and Barros, JJ., concur.