■ CHRISTINE S. CEA, Individually and as Administratrix of the Estate of BENJAMIN J. CEA, Deceased, et al., Appellants, v EDWARD ZIMMERMAN et al., Respondents, et al., Defendants. [38 NYS3d 205]—

In an action, inter alia, to recover damages for wrongful death, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated January 30, 2014, which, after an in camera inspection conducted upon remittitur from this Court (*see Cea v Zimmerman*, 110 AD3d 1027 [2013]), denied that branch of their motion which was to compel the disclosure of certain records of the Suffolk County Police Department Internal Affairs Bureau pursuant to Civil Rights Law § 50-a, (2) from an order of the same court dated June 23, 2014, which denied their motion, in effect, for leave to reargue their prior motion to compel the disclosure of the subject records, and (3), as limited by their brief, from so much of an order of the same court dated April 24, 2014, as denied their motion to compel the depositions of certain defendants and other individuals.

Ordered that the appeal from the order dated June 23, 2014, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 30, 2014, is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was to compel the disclosure of certain records of the Suffolk County Police Department Internal Affairs Bureau consisting of the recordings referred to as "Seventh Precinct Band (Disc #1)" and the "Fire, Rescue, and Emergency Services (FRES)" recording, and

substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated April 24, 2014, is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was to compel the depositions of all members of the defendant Mastic Beach Ambulance Company, Inc., who responded to the scene of the subject accident, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs' decedent, Benjamin J. Cea, was killed as a result of a motor vehicle accident that occurred on July 14, 2008. In this action, the plaintiffs allege that employees of the defendants County of Suffolk, Suffolk County Police Department (hereinafter SCPD), and Mastic Beach Ambulance Company, Inc. (hereinafter the ambulance company), were negligent in their response to the accident. More specifically, the plaintiffs allege that an SCPD officer was the first certified emergency medical technician (hereinafter EMT) to respond to the accident scene but, contrary to SCPD regulations, the officer negligently failed to render first aid treatment to the decedent, which omission was a proximate cause of his death. The plaintiffs further allege that members of the SCPD and the ambulance company negligently delayed in transporting the decedent to a hospital, and that the failure to timely transport him there was also a proximate cause of his death.

The plaintiffs served a notice of discovery and inspection, and thereafter moved to compel the production and in camera inspection of certain records of the SCPD Internal Affairs Bureau (hereinafter Internal Affairs) pursuant to Civil Rights Law § 50-a. The Supreme Court denied the plaintiffs' motion but, on a prior appeal, this Court reversed and remitted the matter to the Supreme Court, Suffolk County, to conduct an in camera inspection of certain Internal Affairs records pursuant to Civil Rights Law § 50-a (see Cea v Zimmerman, 110 AD3d 1027 [2013]).

After conducting an in camera inspection, the Supreme Court, in an order dated January 30, 2014, denied the disclosure of most of the records contained in the Internal Affairs investigation file regarding the subject accident. The plaintiffs appeal from this order, arguing that these Internal Affairs records are subject to disclosure because they are relevant and material to this wrongful death action.

In an order dated April 24, 2014, the Supreme Court denied

the plaintiffs' motion to compel the depositions of several members of the ambulance company who responded to the accident scene, an SCPD detective who prepared an investigative report as to whether any criminal charges should be filed against the driver of the vehicle that collided with the decedent's vehicle, and the Deputy Medical Examiner who conducted an autopsy of the decedent. The plaintiffs also appeal from this order, contending that they should be permitted to depose all of these individuals.

After conducting an in camera review, as directed on the prior appeal, the Supreme Court correctly determined that most of the specified Internal Affairs records, including the report of the Internal Affairs investigator who made factual findings and reached certain conclusions about the accident, are not "relevant and material" to the plaintiffs' wrongful death action, and thus, are not subject to disclosure (Civil Rights Law § 50-a [3]; *see People v Perez*, 44 AD3d 417 [2007]; *cf. Rodriguez v City of New York*, 222 AD2d 317 [1995]).

Contrary to the Supreme Court's determination, we find that two of the Internal Affairs records must be disclosed because they are relevant and material: (1) a recording or recordings of emergency dispatch calls referred to as "Seventh Precinct Band (Disc #1)" and (2) a "Fire, Rescue, and Emergency Services (FRES)" recording. Accordingly, the court should have granted that branch of the plaintiffs' motion which was to compel the disclosure of those two records (*see* Civil Rights Law § 50-a; *Calhoun v County of Suffolk*, 123 AD3d 1074, 1076 [2014]).

With respect to the appeal from the order dated April 24, 2014, deciding the motion to compel certain depositions, the plaintiffs failed to show that they are entitled to depose the Deputy Medical Examiner who conducted an autopsy of the decedent because, among other reasons, the Medical Examiner's report has already been disclosed (*see generally Espinoza v City of New York*, 113 AD3d 590 [2014]). Moreover, the plaintiffs did not proffer a sufficient basis for deposing an SCPD detective who investigated possible criminal charges against the driver whose vehicle collided with the decedent's vehicle because, among other reasons, the detective did not have firsthand knowledge of the accident, and the plaintiffs already deposed an SCPD officer who was present at the scene (*see generally id.*; *Douglas v New York City Tr. Auth.*, 48 AD3d 615, 616 [2008]).

However, the Supreme Court should have granted that branch of the plaintiffs' motion which was to compel the depositions of the EMTs or EMT aides who were present at the ac-

cident scene. In the first instance, a municipality has the right to determine which of its officers or employees with knowledge of the facts may appear for a deposition (*see Douglas v New York City Tr. Auth.*, 48 AD3d at 616). Similarly, "[a] corporate entity has the right to designate, in the first instance, the employee who shall be examined" (*Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d 803, 803 [2008]; *see Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d 930, 932 [2008]). In order to demonstrate that additional depositions are necessary, the movant must show "(1) that the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case" (*Zollner v City of New York*, 204 AD2d 626, 627 [1994]; *see Gomez v State of New York*, 106 AD3d 870, 872 [2013]; *Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d at 803-804).

Here, only two EMTs who responded to the accident scene have been deposed thus far, and one of those EMTs is the SCPD officer who allegedly failed to provide necessary first aid to the decedent. The testimony of these two emergency responders did not provide sufficient information regarding the actions taken by the various EMTs and ambulance workers who responded to the accident, and it is likely that other on-scene EMTs may possess relevant and material information. Under these circumstances, the plaintiffs are entitled to depose the other members of the ambulance company who were present at the accident scene (*see Giordano v New Rochelle Mun. Hous. Auth.*, 84 AD3d 729, 731-732 [2011]; *Mercado v Alexander*, 227 AD2d 391 [1996]). Mastro, J.P., Austin, Sgroi and Maltese, JJ., concur.