Fezza v Legal Sea Foods, LLC (2019 NY Slip Op 00097)





Fezza v Legal Sea Foods, LLC


2019 NY Slip Op 00097


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-10109
 (Index No. 20584/14)

[*1]Christopher Fezza, et al., respondents, 
v
Legal Sea Foods, LLC, et al., appellants, et al., defendant.


Cozen O'Connor, New York, NY (Edward Hayum and Ryan T. Kearney of counsel), for appellants.
Davis & Ferber, LLP, Islandia, NY (Cary M. Greenberg of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Legal Sea Foods, LLC, and Walt Whitman Mall, LLC, appeal from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated July 7, 2016. The order, insofar as appealed from, denied those branches of their motion which were to compel the disclosure of certain employment files and field logs.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Legal Sea Foods, LLC, and Walt Whitman Mall, LLC, which was to compel the disclosure of the following nine records of the plaintiff Christopher Fezza: (1) Injured Employee Report (PDCS-1008f) #24,520, stamped March 3, 2014, (2) Police Department County of Suffolk, New York, Internal Correspondence, Injury Claim Status for Police Officer Christopher Fezza, dated March 21, 2014, (3) Nassau University Medical Center Emergency Department Patient Discharge Instructions, dated February 24, 2014, (4) Aftercare Instructions to the Patient, dated February 22, 2014, (5) Huntington Hospital Excuse Note, dated February 22, 2014, (6) Letter of Augustus G. Mantia, M.D., dated February 27, 2014, (7) Zwanger-Pesiri Radiology MRI Report, for Examination on March 11, 2014, (8) Attending Doctors' Request for Authorization and Carrier's Response dated November 23, 2015, and (9) Physician's Notes, dated September 7, October 3, and November 6, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On February 22, 2014, the plaintiffs, while acting in the scope of their employment as police officers with the Suffolk County Police Department, responded to an aided call at Legal Sea Foods, LLC, which operates a restaurant located in the Walt Whitman Mall. While at the restaurant, the plaintiffs allegedly were exposed to carbon monoxide that was emanating from an improperly maintained and/or inspected water heater at the premises. As a result, the plaintiffs allegedly sustained carbon monoxide poisoning.
The plaintiffs commenced this action against Legal Sea Foods, LLC, Walt Whitman Mall, LLC, and City-Wide Sewer and Drain Corp., the entity that Legal Sea Foods, LLC, allegedly retained to repair the water heater. The plaintiffs alleged, inter alia, that the defendants were negligent in failing to properly inspect and maintain the water heater. The plaintiffs further alleged that they sustained injuries that were caused, exacerbated, aggravated, and/or precipitated by their [*2]exposure to carbon monoxide, including, among other things, memory loss, headaches, personality changes, and loss and impairment of conceptual reasoning.
In April 2015, Legal Sea Foods, LLC, and Walt Whitman Mall, LLC (hereinafter together the appellants), served a document demand on the plaintiffs requesting, among other things, HIPAA compliant authorizations to obtain the plaintiffs' complete employment files, as well as any notes or field logs maintained by the plaintiffs for the period of February 22, 2014, to the present. In August 2015, the appellants moved pursuant to CPLR 3124 to compel, inter alia, production of the plaintiffs' complete employment records and their notes and field logs maintained for February 22, 2014, to the present. In support of the motion, the appellants argued that the requested documents were not confidential under Civil Rights Law § 50-a because the plaintiffs "impliedly consented" to the release of the documents by commencing this action and affirmatively placing their mental or physical conditions in issue.
In an order dated November 23, 2015, the Supreme Court, inter alia, granted the appellants' motion to compel to the extent of directing the plaintiffs to provide to the court their complete employment records and their field logs for the period of February 22, 2014, to the present, for an in camera inspection. In the order appealed from, upon conducting an in camera inspection of the documents, the court directed the plaintiffs to disclose to the appellants 13 specific documents, including several attending doctors' requests for authorization and carrier's responses, a doctor's letter and a doctor's report, and several injured employee reports. The court found the remaining documents irrelevant. The appellants contend, among other things, that the remaining documents that were not disclosed are material and necessary in this action.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." However, Civil Rights Law § 50-a, which codifies the standards for the disclosure of police personnel records (see People v Gissendanner, 48 NY2d 543, 551), provides that a police officer's personnel records, used to evaluate performance toward continued employment or promotion, shall be considered confidential and not subject to inspection or review without the express written consent of such police officer, except as may be mandated by lawful court order (see Civil Rights Law § 50-a[1]). Prior to issuing such an order, the court is obligated to conduct an in camera review of the requested file, "and make a determination as to whether the records are relevant and material in the action before" it, and, upon such a finding "the court shall make those parts of the record found to be relevant and material available to the persons so requesting" (Civil Rights Law § 50-a[3]).
We agree with the Supreme Court's determination, following an in camera review, that most of the documents were not relevant and material to the instant action, and thus, were not subject to disclosure (see id.; Cea v Zimmerman, 142 AD3d 941, 943; People v Perez, 44 AD3d 417).
However, contrary to the Supreme Court's determination, nine additional records of the plaintiff Christopher Fezza are relevant and material: (1) Injured Employee Report (PDCS-1008f) #24,520, stamped March 3, 2014; (2) Police Department County of Suffolk, New York, Internal Correspondence, Injury Claim Status for Police Officer Christopher Fezza, dated March 21, 2014; (3) Nassau University Medical Center Emergency Department Patient Discharge Instructions, dated February 24, 2014; (4) Aftercare Instructions to the Patient, dated February 22, 2014; (5) Huntington Hospital Excuse Note, dated February 22, 2014; (6) Letter of Augustus G. Mantia, M.D., dated February 27, 2014; (7) Zwanger-Pesiri Radiology MRI Report, for Examination on March 11, 2014; (8) Attending Doctors' Request for Authorization and Carrier's Response (C-4 Auth) dated November 23, 2015; and (9) Physicians's Notes, dated September 7, October 3, and November 6. Accordingly, the court should have granted that branch of the appellants' motion which was to compel the disclosure of these records (see Civil Rights Law § 50-a; Cea v Zimmerman, 142 AD3d at 943).
The appellants' remaining contentions are either without merit or not properly before this Court.
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court