Asprou v Hellenic Orthodox Community of Astoria (2020 NY Slip Op 03757)





Asprou v Hellenic Orthodox Community of Astoria


2020 NY Slip Op 03757


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-12066
 (Index No. 704645/16)

[*1]Paris Asprou, appellant, 
v
Hellenic Orthodox Community of Astoria, et al., respondents.


Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for appellant.
Catalano Gallardo & Petropoulos, LLP, Jericho, NY (William L. Schleifer, Gary Petropoulos, and Ian L. Glick of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated September 20, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to compel the defendants to produce two additional witnesses for depositions and to respond to the plaintiff's supplemental combined discovery demands.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 12, 2016, the plaintiff allegedly was injured when he slipped and fell on water leaking from the roof while playing basketball in the gymnasium of the defendant Saint Demetrios Astoria School (hereinafter the school). In April 2016, the plaintiff commenced this action against the school and the defendant Hellenic Orthodox Community of Astoria (hereinafter the church) to recover damages for personal injuries he allegedly sustained as a result of the accident. The church owns the building where the plaintiff's accident occurred. In May 2016, the defendants joined issue by interposing an answer.
The plaintiff was produced for a deposition on February 5, 2018. The defendants appeared for a deposition on April 20, 2018, by producing the chief school administrator superintendent of the school. On June 14, 2018, the plaintiff deposed a nonparty. On June 15, 2018, the plaintiff sent a letter to the defendants requesting that they produce two additional named witnesses for depositions. The plaintiff also served supplemental combined discovery demands dated June 18, 2018. By notice of motion dated August 20, 2018, the plaintiff moved, inter alia, to compel the defendants to produce the two additional named witnesses for depositions and to respond to the plaintiff's supplemental combined discovery demands. The defendants served a response to the plaintiff's supplemental combined discovery demands dated September 7, 2018, objecting to all demands, and opposed the plaintiff's motion. In an order dated September 20, 2018, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were to compel. The plaintiff appeals.
" The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court. The Supreme Court's [*2]discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised'" (Encalada v Riverside Retail, LLC, 175 AD3d 467, 469, quoting Cabellero v City of New York, 48 AD3d 727, 728 [internal quotation marks omitted]; see Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799; Diaz v City of New York, 117 AD3d 777, 777-778; Montalvo v CVS Pharm., Inc., 102 AD3d 842, 843).
For purposes of depositions, a corporate entity has the right to designate, in the first instance, the employee who shall be examined (see Conte v County of Nassau, 87 AD3d 559, 560; Giordano v New Rochelle Mun. Hous. Auth., 84 AD3d 729, 731; Nunez v Chase Manhattan Bank, 71 AD3d 967, 968). A party "seeking additional depositions has the burden of demonstrating (1) that the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case'" (Gomez v State of New York, 106 AD3d 870, 872, quoting Zollner v City of New York, 204 AD2d 626, 627; see Conte v County of Nassau, 87 AD3d at 560; Giordano v New Rochelle Mun. Hous. Auth., 84 AD3d at 731).
We agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was to compel the defendants to produce the two additional named witnesses for depositions. The plaintiff failed to demonstrate that the defendants' representative who had already been deposed had insufficient knowledge or was otherwise inadequate as a witness (see Walker v City of New York, 140 AD3d 739; Thristino v County of Suffolk, 78 AD3d 927; Douglas v New York City Tr. Auth., 48 AD3d 615).
We also agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was to compel the defendants to respond to his supplemental combined discovery demands. CPLR 3101(a) requires, in pertinent part, "full disclosure of all matter material and necessary in the prosecution or defense of an action." However, "[a] party is not entitled to unlimited, uncontrolled, unfettered disclosure" (Geffner v Mercy Med. Ctr., 83 AD3d 998, 998; see Kiernan v Booth Mem. Med. Ctr., 175 AD3d 1396, 1398; Jordan v City of New York, 137 AD3d 1084).
Disclosure demands may be palpably improper where they seek irrelevant information, are overbroad and burdensome, or fail to specify with reasonable particularity many of the documents demanded (see Kiernan v Booth Mem. Med. Ctr., 175 AD3d at 1397-1398; Kayantas v Restaurant Depot, LLC, 173 AD3d 718). "Where the discovery demands are overbroad, the appropriate remedy is to vacate the entire demand rather than to prune it" (Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d 757, 758). Here, the discovery demands at issue were abandoned or palpably improper in that they sought irrelevant information or were overbroad (see id. at 758; Shaw v Bluepers Family Billiards, 94 AD3d 858, 860; Geffner v Mercy Med. Ctr., 83 AD3d at 998).
The parties' remaining contentions are without merit.
CHAMBERS, J.P., MALTESE, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court