Teodoro v C.W. Brown, Inc. (2021 NY Slip Op 07296)





Teodoro v C.W. Brown, Inc.


2021 NY Slip Op 07296


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2018-06526
 (Index No. 52256/15)

[*1]Silvino Teodoro, appellant, 
v
C.W. Brown, Inc., respondent, et al., defendants (and a third-party action).


Ronai & Ronai, LLP, Port Chester, NY (Nicole R. Kilburg and Holly Ostrov Ronai of counsel), for appellant.
Thomas K. Moore (Andrea G. Sawyers, Melville, NY [David R. Holland], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated May 23, 2018. The order, insofar as appealed from, denied the plaintiff's motion to compel the defendant C.W. Brown, Inc., to produce an additional witness for a deposition.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, an employee of nonparty Westchester County Electric, Inc. (hereinafter WCE), allegedly was injured in August 2013 while he was fixing a light in a building leased to the defendant PepsiCo, Inc. (hereinafter Pepsi). Pepsi had previously hired the defendant C.W. Brown, Inc. (hereinafter CWB), to serve as general contractor on a renovation of two office spaces it leased, and CWB hired WCE to perform the electrical work for the renovation. Pepsi also separately retained WCE to perform maintenance work in the building.
The plaintiff commenced this action alleging violations of Labor Law §§ 200(1), 240(1), and 241(6). During discovery, CWB produced two affidavits from its owner, Renee Brown, wherein she attested, inter alia, that CWB's document management program became inaccessible on April 1, 2015, after CWB was sold to another entity. After CWB produced two witnesses for depositions, the plaintiff moved to compel CWB to produce Brown for an additional deposition concerning, among other things, her search for records and the inaccessible document management program. The Supreme Court denied the motion, and the plaintiff appeals.
"The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court. The Supreme Court's discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised" (Provident Life & Cas. Ins. Co. v Brittenham, 284 AD2d 518, 518; see Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 638, 639; Encalada v Riverside Retail, LLC, 175 AD3d 467, 469). "For purposes of depositions, a corporate entity has the right to designate, in the first instance, the employee who shall be examined" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d at 639). "A party 'seeking additional [*2]depositions has the burden of demonstrating (1) that the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case'" (id. at 640, quoting Gomez v State of New York, 106 AD3d 870, 872 [internal quotation marks omitted]).
The Supreme Court providently exercised its discretion in denying the plaintiff's motion to compel CWB to produce an additional witness for a deposition. Contrary to the plaintiff's contentions, although Brown attested that CWB's document management program was no longer accessible, the record demonstrates that the plaintiff was performing work for Pepsi, not CWB, when he was injured. The plaintiff therefore failed to demonstrate that there was a substantial likelihood that Brown possessed information that is material and necessary to the prosecution of the case (see O'Brien v Village of Babylon, 153 AD3d 547, 547; Walker v City of New York, 140 AD3d 739, 740).
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court