Talbot v Kaleida Health (2023 NY Slip Op 04057)

Talbot v Kaleida Health

2023 NY Slip Op 04057

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

523 CA 22-01047

[*1]RICHARD M. TALBOT AND KATIE JO TALBOT, PLAINTIFFS-RESPONDENTS,
v
KALEIDA HEALTH, DOING BUSINESS AS MILLARD FILLMORE HOSPITALS, MILLARD FILLMORE SUBURBAN HOSPITAL AND DONALD HICKEY, M.D., DEFENDANTS-APPELLANTS. 

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ROBERT D. BARONE OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
BRADY & SWENSON, P.C., SALAMANCA (ERIN M. BRADY SWENSON OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

 Appeal from an order and judgment (one paper) of the Supreme Court, Cattaraugus County (Ronald D. Ploetz, A.J.), entered July 1, 2022. The order and judgment granted the motion of defendants for leave to reargue and, upon reargument, clarified a prior determination. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by granting that part of defendants' motion seeking a protective order striking document request No. 16 and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries sustained by Richard M. Talbot (plaintiff) while he was a patient at defendant Millard Fillmore Suburban Hospital. Plaintiffs alleged that defendants' care and treatment caused plaintiff to develop pressure sores that resulted in serious and permanent injuries to plaintiff. Defendants moved pursuant to CPLR 3103 for a protective order striking or limiting plaintiffs' document requests and striking plaintiffs' notice of deposition for a corporate representative of defendant Kaleida Health, doing business as Millard Fillmore Hospitals (Kaleida). Supreme Court denied the motion in part and required defendants to respond to certain requests, including document request No. 16, which sought "[d]ocuments reflecting all claims made and lawsuits filed against Kaleida related to the prevention and/or treatment of pressure sores in the [intensive care unit] from January 1, 2010" through the present, and to permit the deposition of a corporate representative. Thereafter, defendants moved for leave to reargue their prior motion for a protective order and, upon reargument, to strike document request No. 16 and the notice of deposition. The court granted leave to reargue and, upon reargument, adhered to its prior determination with respect to the notice of deposition but clarified the scope of disclosure pursuant to document request No. 16. Defendants now appeal.
We agree with defendants that the court abused its discretion in denying that part of defendants' motion seeking a protective order striking document request No. 16, and we therefore modify the order and judgment accordingly. Generally, "it is improper to prove that a person did an act on a particular occasion by showing that he did a similar act on a different, unrelated occasion" (Matter of Brandon, 55 NY2d 206, 210-211 [1982]; see Mazella v Beals, 27 NY3d 694, 710 [2016]). As an exception to that general rule, where guilty knowledge or an unlawful intent is at issue, evidence of similar acts may be admitted "to negate the existence of an innocent state of mind" (Brandon, 55 NY2d at 211). Contrary to plaintiffs' contention, we [*2]conclude that the exception does not apply in this case inasmuch as the state of mind of defendants' employees is not relevant to the determination of whether defendants were negligent (cf. Davis v Solondz, 122 AD2d 401, 401-402 [3d Dept 1986]). Thus, inasmuch as the evidence sought in document request No. 16 is propensity evidence that lacks probative value concerning any material factual issue in this case, the court should have granted defendants' motion with respect to that request (see generally Mazella, 27 NY3d at 710; Crawford v R. Jewula Holdings LLC, 170 AD3d 1644, 1644-1645 [4th Dept 2019]). In light of our determination, we do not address defendants' remaining contention with respect to document request No. 16.
Contrary to defendants' further contention, however, the court did not abuse its discretion in denying defendants' motion to the extent that it sought a protective order striking plaintiffs' notice of deposition of a corporate representative of Kaleida. Here, the record establishes that none of the witnesses that had already been deposed could conclusively testify as to the policies and procedures that Kaleida had in place in 2015, and there is a substantial likelihood that a corporate representative of Kaleida would possess that information, which is material and necessary to the prosecution of the case (see Black v Athale, 129 AD3d 1661, 1662-1663 [4th Dept 2015]; cf. Matter of Pignato v City of Rochester, 288 AD2d 825, 825 [4th Dept 2001], appeal dismissed 97 NY2d 725 [2002], lv denied 98 NY2d 604 [2002]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court